UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Remona Lysa Brown,                                              Civ. No. 26-1101 (PAM/DJF)

Petitioner,

v.                                                                              **ORDER**

Minnesota Dept. of Corrections
and Kathy Halvorson,

Respondents.

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Dulce J. Foster dated February 11, 2026.  (Docket No. 4.) The R&R recommends denying Petitioner Remona Lysa Brown's Petition for Writ of Habeas Corpus as untimely.  (Docket No. 1.)  For the following reasons, the Court adopts the R&R.

According to statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).  After conducting the required review and for the following reasons, the Court adopts the R&R.

The full background is set forth in the R&R and the Court need not revisit it here. Brown first asserts that she did not intend to file a new petition; rather, she aimed to file a motion pursuant to Fed. R. Civ. P. 60 in a different case:  23-cv-1998 (PAM/ECW). Indeed, Brown filed a Rule 60 motion in that case.  In any event, the Court cannot grant relief sought in one case intended for another case, and this request is denied.

Brown next objects to the R&R's conclusion that her petition was untimely, contending that the Court should consider her petition timely because she is legally blind. (Docket No. 5.)  As the R&R thoroughly explained, Brown filed her petition nearly four months after the limitations period expired.  Although the Court is sympathetic to Brown's impaired eyesight, and despite Brown's pro se status, she must comply with applicable procedural rules.  See Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986) ("Pro se litigants are not excused from compliance with substantive and procedural law. . . .").  The petition is untimely.  The Court finds no error in the Magistrate Judge's reasoning.

The Court denies a certificate of appealability because Brown has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(1)(B), (c)(2).

Accordingly, **IT IS HEREBY ORDERED that**:

1.    The Court **ADOPTS** the R&R (Docket No. 4);

2.    Petitioner Remona Lysa Brown's Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

3.    Brown's Motion to Consider a Medical Eye Exam (Docket No. 6) is **DENIED as moot**;

4.    This matter is **DISMISSED without prejudice**; and

5.    No certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 5, 2026

s/ *Paul A. Magnuson*

Paul A. Magnuson
United States District Court Judge

2