UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Remona Lysa Brown,                                         Civ. No. 26-1101 (PAM/DJF)

Petitioner,

v.                                                                          **ORDER**

Minnesota Dept. of Corrections
and Kathy Halvorson,

Respondents.

This matter is before the Court on the Petitioner Remona Lysa Brown's Motion to Reopen Case pursuant to Fed. R. Civ. P. 60(b).  (Docket No. 11.)  For the following reasons, the Court denies the Motion.

Brown asks the Court whether equitable tolling applies to extend the limitations period to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  She asserts that she did not timely file her petition due to legal blindness, which she attributes to "delayed medical care" in prison, and asks whether her impaired vision constitutes "extraordinary circumstances" justifying equitable tolling.  (Id. at 2.)  The Court interprets these questions as Brown's argument that equitable tolling applies.

The one-year statute of limitation in 28 U.S.C. § 2244 may be equitably tolled only if a petitioner shows "'(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418

(2005)).  The petitioner bears the burden to demonstrate that tolling is appropriate.  See Pace, 544 U.S. at 418.

Even if Brown's impaired eyesight constitutes an extraordinary circumstance that prevented her from timely filing her petition—and the Court makes no decision as to whether it does—Brown does not claim to have pursued her rights diligently or include any facts indicating as much.  Therefore, the Court determines that Brown fails to show that equitable tolling is applicable or that any circumstances warrant reopening this matter.  Brown is not entitled to relief under Rule 60.

Accordingly, **IT IS HEREBY ORDERED that** Petitioner Remona Lysa Brown's Motion to Reopen Case (Docket No. 11) is **DENIED**.

Dated: June 8, 2026

s/ Paul A. Magnuson

Paul A. Magnuson
United States District Court Judge

2